UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

vs.                                    Case No.  8:10-cr-485-T-33TGW

MAURICE LAVON JOHNSON
_____/

**ORDER**

This matter comes before the Court pursuant to Defendant Maurice Lavon Johnson's Amended Motion for a New Trial and Amended Renewed Motion for Acquittal, both filed on October 18, 2011 (Doc. # 97, 98).[1] The Government filed a Response in Opposition to each Motion on October 24, 2011 (Doc. # 100, 101). For the reasons stated below, Defendant's Motions are denied.

**I.  Background**

The Government's November 17, 2010, indictment contained one count against Johnson (Doc. # 1). The Government charged that Johnson and alleged co-conspirators Joel Christopher Williams and Rajeev R. Pherwani:

> did knowingly and willfully combine, conspire and agree together, and with each other, to possess with the intent to distribute one hundred (100) kilograms or more of a mixture or substance containing a detectable amount of marijuana, a

---

[1] Amended motions were filed because certain dates in the original motions were erroneously listed as 2011 instead of 2010. The original motions remain pending before this Court but are moot.

> controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

(Id. at 1). The indictment also contained a forfeiture count.

A jury trial was conducted during the week of October 11, 2011 (Doc. # 83, 84, 87, 88). On October 12, 2011, Johnson made an oral motion for judgment of acquittal (Doc. # 85), which the Court denied by oral order (Doc. # 86). The jury found Johnson guilty as to Count One of the indictment, and further found that the amount of marijuana involved in the offense charged was one hundred kilograms or more (Doc. # 94). The Court set Johnson's sentencing for January 26, 2012 (Doc. # 93).

By the present Motions, Johnson seeks a new trial pursuant to Federal Rule of Criminal Procedure 33 and a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29.

## II. Standard of Decision

### A. Rule 33 Motion for a New Trial

A new trial pursuant to Federal Rule of Criminal Procedure 33 may be granted in the interests of justice or on the basis of newly discovered evidence. United States v. Ramos, 179 F.3d 1333, 1336 (11th Cir. 1999). A new trial may be granted in the interests of justice if the motion is filed "within 14 days after verdict or finding of guilty." In this

case, the Motion was timely filed. Johnson has not asserted that the discovery of new evidence warrants a new trial. Accordingly, the Court will assess whether a new trial is warranted in the interests of justice.

A Rule 33 motion for a new trial "is addressed to the sound discretion of the trial court." United States v. Martinez, 763 F.2d 1297, 1312 (11th Cir. 1985). "If the court concludes that . . . the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred, it may set aside the verdict, grant a new trial, and submit the issues for determination by another jury." Id. (internal quotation marks omitted). The court may follow this course even if the evidence is legally sufficient to sustain the verdict. Id. However, the Eleventh Circuit has admonished that "[a] motion for new trial must be viewed with 'great caution.'" United States v. Reed, 887 F.2d 1398, 1404 (11th Cir. 1989) (quoting United States v. Hall, 854 F.2d 1269, 1271 (11th Cir. 1988)).

### B. Rule 29 Motion for Judgment of Acquittal

A motion for acquittal is governed by Federal Rule of Criminal Procedure 29. "As the text of the Rule indicates, and as courts and other authorities have recognized, '[t]he sole ground for a post-trial motion under Rule 29(c) is that the

evidence was insufficient to sustain a conviction.'" <u>United States v. Hunt</u>, 412 F. Supp. 2d 1277, 1282 (11th Cir. 2005) (quoting <u>United States v. Miranda</u>, 425 F.3d 953, 963 (11th Cir. 2005)). "The standard for assessing the sufficiency of evidence is whether any reasonable view of the evidence, considered in the light most favorable to the government, is sufficient to allow a jury to find guilt beyond a reasonable doubt." <u>United States v. Leonard</u>, 138 F.3d 906, 908 (11th Cir. 1998) (citing <u>United States v. Bush</u>, 28 F.3d 1084, 1087 (11th Cir. 1994)).

**III. <u>Analysis</u>**

    **A.  <u>Rule 33 Motion for a New Trial</u>**

Johnson asserts that a new trial is warranted because the verdict is contrary to the clear weight of the evidence and/or there was insufficient evidence as to the weight of the marijuana to be in excess of one hundred kilograms (Doc. # 97 at ¶ 60). Johnson argues that the money to be used to purchase the marijuana belonged to Pherwani and did not belong to Johnson in whole or in part. (<u>Id.</u> at ¶ 47). A subsequent police search of Johnson's vehicle (a Chevrolet Silverado) did not reveal any incriminating evidence, and Johnson did not participate in any discussions involving drugs (<u>Id.</u> at ¶¶ 52-53). The Government presented a circumstantial evidence case, and the jury was so instructed. (<u>Id.</u> at ¶¶ 55-56). Johnson

also points out that the jury was hung after six hours of deliberations and decided the case after receiving an Allen charge. (Id. at ¶ 59).

Johnson further argues that "[t]he evidence regarding the weight of the marijuana in the conspiracy is too speculative to support a jury verdict. The jury obviously considered perceived future transactions in determining the weight attributable to the conspiracy." (Id. at 11-12). Law enforcement expected to sell four hundreds pounds of marijuana in the sting operation but the discussions among the co-conspirators were for one hundred pounds, which is less than one hundred kilograms. (Id. at ¶¶ 39-40).

On a Rule 33 motion for a new trial based on the weight of the evidence, "the court need not view the evidence in the light most favorable to the verdict. It may weigh the evidence and consider the credibility of the witnesses." United States v. Hernandez, 433 F.3d 1328, 1335 (11th Cir. 2005) (internal quotations and citations omitted). However, "the court may not reweigh the evidence and set aside the verdict simply because it feels some other result would be more reasonable." United States v. Martinez, 763 F.2d 1297, 1312 (11th Cir. 1985). For the court to set aside a verdict based on the weight of the evidence, "the evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let

the verdict stand." Id. at 1313. The Eleventh Circuit has noted, however, that "motions for new trial based on the weight of the evidence are not favored and are granted sparingly and with caution only in exceptional cases." United States v. Green, No. 07-14593, 2008 U.S. App. LEXIS 9789, at *5 (11th Cir. April 30, 2008) (internal quotations and citations omitted).

In its response, the Government argues that Johnson is making the same arguments he made during his Motion for Judgment of Acquittal, closing argument and Renewed Motion for Judgment of Acquittal. (Doc. # 101 at 2). Pherwani, Williams and Det. Jose Feliciano testified at trial regarding Johnson's participation in the conspiracy, and the jury believed their testimony. (Id. at 2-3). The recording of statements by the various co-conspirators served to corroborate their testimony. (Id. at 3). All of the witnesses "agreed that the conspiracy was for over 100 kilograms. The jury was instructed regarding 100 kilograms or more, as well as a lesser quantity." (Id. at 2).

The Court heard all the evidence at this trial and now determines that the evidence does not preponderate against the jury's verdict. After due consideration, the Court declines to grant a new trial based on the weight of the evidence in this case.

### B. Rule 29 Motion for Judgment of Acquittal

Johnson contends that a judgment of acquittal is warranted because the Government did not present sufficient evidence that Johnson was a knowing participating to a conspiracy. (Doc. # 98 at 13). Johnson concedes that he may have driven the Silverado and was present in the junkyard where the drug deal took place but he did not participate in any conspiratorial conversations. (Id. at 14). Johnson asserts that the totality of the evidence must permit a reasonable inference of the defendant's guilt, and in this case there was insufficient evidence for a reasonable juror to conclude beyond a reasonable doubt that he was a knowing member of a drug conspiracy. (Id. at 14-15).

As noted above, "[t]he standard for assessing the sufficiency of evidence is whether any reasonable view of the evidence, considered in the light most favorable to the government, is sufficient to allow a jury to find guilt beyond a reasonable doubt." United States v. Leonard, 138 F.3d 906, 908 (11th Cir. 1998) (citing United States v. Bush, 28 F.3d 1084, 1087 (11th Cir. 1994)).

In its response, the Government states that both co-defendants testified that Johnson was the "marijuana quality expert involved" and that Officer Feliciano and government exhibits corroborated the co-defendants' testimony. In this

7

case, the Government satisfied its burden with respect to Johnson, and the jury correctly determined that Johnson was guilty beyond a reasonable doubt. The evidence does not preponderate against the verdict, such that it would be a miscarriage of justice to let the verdict stand. The Court has evaluated Johnson's arguments and has determined that neither a new trial nor a judgment of acquittal is warranted.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Defendant Maurice Lavon Johnson's Amended Motion for a New Trial (Doc. # 97) and Amended Renewed Motion for Acquittal (Doc. # 98) are **DENIED.**

(2) Defendant Maurice Lavon Johnson's Motion for a New Trial (Doc. # 95) and Renewed Motion for Acquittal (Doc. # 96) are **DENIED AS MOOT.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>18th</u> day of November 2011.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record